No. 24-1651

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

Kevin Brooks,

    Plaintiff-Appellant,

  v.

Josh Richardson, et al.,

    Defendants-Appellees.

**Appeal from the United States District Court
for the Northern District of Illinois
Case No. 22-CV-6738
District Judge Franklin U. Valderrama**

**REPLY BRIEF OF PLAINTIFF-APPELLANT KEVIN BROOKS**

PEOPLE'S LAW OFFICE
Janine L. Hoft
Nora Snyder
Jan Susler

1180 N. Milwaukee Ave.
Chicago, Illinois 60642
(773) 235-0070
(773) 235-6699 (fax)

*Attorneys for Plaintiff-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

ARGUMENT ........................................................................................................................ 1

    I.    The District Court Erred in Dismissing Count I, as Plaintiff's Deliberate Indifference Claims Do Not Present a New Bivens Context ............................................ 1

    II.   The District Court Erred in Dismissing Count II, as Plaintiff States Claims Against Defendants Harbison and Schreiber ................................................................................. 7

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) .................................................................................................................... *passim*

*Carlson v. Green*, 446 U.S. 14 (1980) ........................................................................ *passim*

*Choice v. Michalak*, 2022 WL 4079577 (N.D. Ill. Sept.6, 2022) ...................................... 5

*Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030 (7th Cir. 1987) ............................... 6

*Gospodinov v. Hudson*, 2023 WL 4134695 (N.D. Ill. June 22, 2023) .............................. 5

*Green v. Carlson,* 581 F.2d 669 (7th Cir. 1978) ......................................................... 2, 8

*Haywood v. Hathaway*, 842 F. 3d 1026 (7th Cir. 2016) ................................................. 9

*Int'l Union of Operating Engineers, Local 150, AFL-CIO v. Rabine*, 161 F.3d 427 (7th Cir. 1998) ........................................................................................................................ 2

*Mahran v. Advocate Christ Med. Ctr.*, 12 F.4th 708 (7th Cir. 2021) ............................... 3

*Minneci v. Pollard*, 565 U.S. 118 (2012) ........................................................................ 4

*Randle v. Gonzalez*, 2024 WL 1655382 (N.D. Ind. Apr. 17, 2024) .................................. 5

*Scaffolding & Equip., LLC*, 839 F.3d 599 (7th Cir. 2016) ............................................... 3

*Snowden v. Henning*, 72 F.4th 237 (7th Cir. 2023) .................................................... 3, 5

*Stennis v. Armstrong*, 2023 WL 1319561 (N.D. Ill. Jan. 31, 2023) .................................. 5

*United States v. Davis*, 29 F.4th 380 (7th Cir. 2022) ..................................................... 3

## Statutes

42 U.S.C. § 1983 ............................................................................................................ 9

**ARGUMENT**

Federal prisoners suffering life threatening medical conditions have been constitutionally protected for over four decades. Courts have continued to recognize this context as one of three recognized applications of a remedy under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The cruel and unusual punishment proscriptions of the Eighth Amendment demand that federal prisoners continue to be protected, and Plaintiff is entitled to full vindication of his constitutional rights. The facts in the present case present no meaningful differences from the facts in *Carlson v. Green*, 446 U.S. 14 (1980). Plaintiff has stated a claim for denial of medical care in violation of the Constitution, and therefore the district court's decision below should be reversed.

**I.  The District Court Erred in Dismissing Count I, as Plaintiff's Deliberate Indifference Claims Do Not Present a New Bivens Context**

Plaintiff's *Bivens* claims for denial of medical care are not meaningfully different from the claims of the asthmatic prisoner in *Carlson v. Green.* Both federal prisoners suffered an acute, life-threatening event which was ignored by federal employees who were deliberately indifferent to the painful suffering of both. Both sued pursuant to the Eighth Amendment to the U.S. Constitution for the denial of adequate medical care. Contrary to Defendants' arguments, Plaintiff's case does not present a new *Bivens* context. Plaintiff is entitled to pursue his claim.

Although extending a *Bivens* remedy to new contexts is not favored, as Defendants recognize a *Bivens* remedy for prisoners who are subjected to deliberate

indifference to their serious medical needs while in federal custody has been squarely recognized since *Carlson*. (Defs.' Br. at 7, 14). Thus, there is no need here to extend *Bivens*. By extension, the Defendants' argument about "separation-of-powers" concerns also fails. (Defs.' Br. at 9). There are no "separation-of-powers" concerns that were not considered and resolved by the Supreme Court in *Carlson*. There is also no "special factor" that counsels against finding a *Bivens* remedy available to Plaintiff, as Defendants urge. (*Id.* at 6, 11, 18). In fact, the Supreme Court in *Carlson* rejected the argument that any special factors existed to decline applying *Bivens* to claims involving deliberate indifference to a serious medical need of a federal prisoner. *Carlson*, 446 U.S. at 19 ("[T]he case involves no special factors counselling hesitation"). The Supreme Court also specifically rejected the idea that the Federal Tort Claims Act provided an adequate remedy. *Id.* at 23 ("Plainly FTCA is not a sufficient protector of the citizens' constitutional rights."). The Seventh Circuit likewise found that allowing such a claim would not unduly inhibit federal officials in the discharge of their duties, and rejected any idea that that the application of the Eighth Amendment was unnecessary in this context. *Green v. Carlson,* 581 F.2d 669, 675 (7th Cir. 1978) (noting the FTCA "only applies to claims for injuries suffered as the result of the negligence of government employees" and not to allegations of "serious deprivation of constitutional rights").

Notably, although Defendants argued in the district court that the FTCA was an alternative remedial structure counseling against finding a *Bivens* remedy here, (dkt. 17 at 5, 9), they have abandoned that argument in this appeal, apparently conceding that the FTCA is not a basis to find a *Bivens* remedy unavailable in this case. *See Int'l Union of*

2

*Operating Engineers, Local 150, AFL-CIO v. Rabine*, 161 F.3d 427, 432 (7th Cir. 1998) ("[A]rguments not raised in a brief are waived"). Instead, they argue in a single sentence that a *Bivens* remedy should not be available to Plaintiff Brooks because he "could have lodged complaints of misconduct through the Department of Justice's Office of the Inspector General or the BOP's internal affairs component." (Defs.' Br. at 20). However, Defendants did not advance that argument in the district court and have therefore waived it. *See Mahran v. Advocate Christ Med. Ctr.*, 12 F.4th 708, 713 (7th Cir. 2021). Even if Defendants had raised the argument previously, they waived it once more by failing to develop it in this appeal. *See United States v. Davis*, 29 F.4th 380, 385 (7th Cir. 2022) ("This one sentence observation without argument is undeveloped and thus waived."); *Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). Defendants' single-sentence observation is unsupported by authority and is not accompanied by any explanation as to how the existence of the Office of the Inspector General's office or the Bureau of Prisons' "internal affairs component" altered the separation-powers-calculus that led to the creation of a *Bivens* remedy for inadequate medical care in *Carlson*. *See Snowden v. Henning*, 72 F.4th 237, 244 (7th Cir. 2023) (noting that "meaningful differences" that make a case a new *Bivens* context are those that alter the policy balance that led to the creation of the remedy).

Defendants also concede that the BOP's administrative remedy program was not available to Plaintiff at the time he filed his *Bivens* suit because he was no longer in custody. (Defs.' Br. at 21). They nevertheless argue that Plaintiff "could have made use

3

of [the BOP's administrative remedy program] while in custody." (*Id.*). Although recognizing that such a remedy provides no potential for the receipt of money damages, Defendants argue this "does not alter the analysis" because the alternative remedy need not be "perfectly congruent." (*Id.* at 20 (citing *Minneci v. Pollard*, 565 U.S. 118 (2012))). However, the Court in *Minneci* did not find that the BOP grievance procedure or administrative remedy program was an adequate alternative remedy. Rather, the Court held that a prisoner seeking damages from a private employee at a privately operated prison must seek a remedy under state tort law. *Id.* at 131. Defendants absurdly argue, without support, that the BOP grievance procedure was adequate to vindicate the deprivation of Plaintiff's constitutional rights when his serious and acute medical condition became life-threatening.

Defendants do not even attempt to justify the three alleged differences articulated by the district court. The district court wrote that it was the specific medical problem, the length of the defendants' delay, and the resulting death that distinguished this case from *Carlson*. (App. 1, Dkt. 26 at 10). Defendants failed to cite any analogous cases in which a court found that any of these differences were meaningful. Defendants instead argue that *Carlson* involved allegations of "intentional wrongdoing." (Defs.' Br. at 11). Plaintiff here alleges deliberate indifference, and it is for the fact finder to determine the culpability of each defendant under that standard. Defendants also argue that Plaintiff's allegations somehow "implicate(s) the complex system of prison healthcare" while the plaintiff's allegations in *Carlson* did not. (*Id.*). The allegations in *Carlson* of an eight-hour delay in treatment, administering improper medication,

4

utilizing inoperative equipment, and failing to transport decedent to the hospital certainly implicated the system of prison healthcare.

Defendants argue that "numerous courts in this circuit" have reached the conclusion that *Carlson* should not include "new contexts in the context of prisoner medical treatment." (Dkt. 17, at 15). But Plaintiff set forth citations to many cases in his opening brief that conversely have allowed Eighth Amendment medical care claims to proceed. (Pl.'s Br. at 12–13). This Court has continued to recognize the application of *Bivens* claims to "a claim against federal prison officials under the Eighth Amendment for failure to provide adequate medical care." *Snowden*, 72 F. at 238–39. Moreover, many of the cases Defendants cite involve prisoners who brought claims pursuant to the Fifth Amendment, rather than the Eighth Amendment. (Defs.' Br. at 16 (citing *Stennis v. Armstrong*, 2023 WL 1319561 (N.D. Ill. Jan. 31, 2023) (pretrial detainee claimed inadequate medical care under the Fifth, rather than Eighth, Amendment); *Choice v. Michalak*, 2022 WL 4079577 (N.D. Ill. Sept.6, 2022) (same); *Randle v. Gonzalez*, 2024 WL 1655382 (N.D. Ind. Apr. 17, 2024) (same))). Those cases involve a different type of plaintiff, a different constitutional right, and a different governing standard than deliberate indifference. The fact that those plaintiffs are unable to bring *Bivens* claims thus has no relevance to Plaintiff, whose Eighth Amendment claims for deliberate indifference to his medical needs fall squarely within the valid *Bivens* context recognized in *Carlson*.

By contrast, in *Gospodinov v. Hudson*, 2023 WL 4134695 (N.D. Ill. June 22, 2023), also cited by Defendants, the court found the prisoner's claim of inadequate medical care did not present a new *Bivens* context where he alleged the defendants failed to provide him

5

with "adequate, timely, or proper medical care for his preexisting chronic neck and back pain, hemorrhoids, and gastroenterological issues." *Id.* at *3–4. The case is further instructive here, because the prisoner was allowed to pursue his claims through discovery; it was only after a consideration on the merits that summary judgment was granted after finding that no reasonable jury could find that the doctor acted with deliberate indifference. *Id.* at *5–6. Plaintiff here does not present a new context, and his claims should proceed.

Defendants erroneously characterize Plaintiff's claim as implicating BOP policies and decisions regarding whether and how to arrange treatment and "schedule surgeries" with outside providers. (Defs.' Br. at 11, 19). Defendants blatantly attempt to introduce facts that were not included in the complaint and fail to construe the record in Plaintiff's favor, as they must at this stage. *See Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1032 (7th Cir. 1987) (noting that when moving to dismiss a complaint, a defendant cannot "attempt to refute the complaint or to present a different set of allegations. The attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence."). There is no allegation in the complaint that Defendants attempted to schedule a surgery with an outside provider but were stymied by those providers' unavailability or a lack of resources to transport Plaintiff to the hospital. Plaintiff's condition was a life-threatening emergency and, when one nurse acted conscientiously and finally arranged transport to a competent medical facility, he was rushed into emergency surgery that very day. Instead Plaintiff has alleged that Defendants utterly failed to provide any appropriate medical treatment

6

that would have enabled them to diagnose Plaintiff's appendicitis and realize that surgery was required. As alleged in the complaint, this delay and failure to send Plaintiff to the hospital resulted from the deliberate indifference of the Defendants.

Plaintiff here seeks damages as a result of the deliberate indifference of each of the Defendants. Plaintiff's claims are not meaningfully different than those of the plaintiff in *Carlson*, and Plaintiff is therefore entitled to proceed with this lawsuit.

## II. The District Court Erred in Dismissing Count II, as Plaintiff States Claims Against Defendants Harbison and Schreiber

Defendants ignore Plaintiff's allegations concerning the personal involvement of Defendants Harbison and Schreiber. In Count I Plaintiff claims Defendant Harbison, the health services administrator, and Defendant Shreiber, the camp administrator, were each individually involved in the deliberate indifference to Plaintiff's serious medical needs. In Count II, Plaintiff claims they each failed to establish guidelines in their facility for ensuring prisoners received adequate medical care.

In Count I it is alleged that Defendant Harbison, the health services administrator, was a medical provider responsible for providing appropriate medical care to the prisoners. Defendant Schreiber, the camp administrator who was responsible for the care and custody of all prisoners, specifically interacted with Plaintiff when he was in excruciating pain, knew of the failures to provide him with adequate medical care, and failed to respond to his medical emergency despite assurance that she would do so. At this stage of the proceedings, this constitutes adequate personal involvement in the failure to provide adequate medical care to Plaintiff.

Count II alleges that these two Defendants failed to respond to Plaintiff's medical emergency. Plaintiff's claims against them are not limited to failing to establish and implement appropriate treatment protocols. They failed to secure an adequate response to Plaintiff's medical emergency that resulted in his burst appendix and further delay, allowing his infection to develop and spread. Defendants speculate on why the "high-level federal officials" were not dismissed in *Carlson*, but the fact remains that they were not. (Defs.' Br. at 27). In *Carlson*, high-level officials were sued, including the Director of the Federal Bureau of Prisons and the Assistant Surgeon General of the United States. *See Green*, 581 F.2d at 676. The Supreme Court was not dissuaded from identifying the denial of medical care to federal prisoners as an appropriate context for claims under *Bivens*, and did not dismiss any of those high-ranking defendants from the case.

The claims against Defendants Harbison and Schreiber are indistinguishable from the allegations against defendants in *Carlson v. Green. See, e.g. Green*, 581 F. 2d at 671 ("It was further alleged that defendant Dr. Benjamin De Garcia, the chief medical officer directly responsible for the prison medical services, did not provide any emergency procedure for those times when a physician was not present.") Further, even the district court's dismissal of the Director of the Federal Bureau of Prisons as well as the Assistant Attorney General of the United States was reversed and claims against them allowed to proceed. *Id.* at 676.

Defendants dismiss the proposition that a warden can be liable under *Bivens*, even though such officials were defendants in *Carlson. Id.* While Defendants argue that the liability of the warden in *Haywood v. Hathaway*, 842 F. 3d 1026, 1031 (7th Cir. 2016)

8

was pursuant to 42 U.S.C. § 1983 rather than *Bivens,* the governing standard of "deliberate indifference" is nevertheless the same. Defendants are, in effect, prematurely arguing the summary judgment standard that a fact finder could never find liability for Defendants Harbison or Schreiber. Plaintiff must be allowed to develop his facts to show the deliberate indifference of each Defendant and show their inadequate response to his acute medical emergency.

## CONCLUSION

This Court should reverse the judgment of the district court which granted Defendants' motion to dismiss and entered judgment against Plaintiff and in favor of Defendants, and remand the case for discovery and trial.

Respectfully submitted,

Dated: September 20, 2024

/s/ Janine L. Hoft
Janine L. Hoft
Nora P. Snyder
Jan Susler

PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, Illinois 60642
(773) 235-0070
(773) 235-6699 (fax)

*Attorneys for Plaintiff-Appellant Kevin Brooks*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations of Circuit Rule 32 because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), this brief is less than 15 pages. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared using Microsoft Word (2010) in a proportionally-spaced typeface: 12-point Book Antiqua font.

Dated: September 20, 2024                  /s/ Nora P. Snyder
                                                      Janine L. Hoft
                                                      Nora P. Snyder
                                                      Jan Susler

                                                      PEOPLE'S LAW OFFICE
                                                      1180 N. Milwaukee Ave.
                                                      Chicago, Illinois 60642
                                                      (773) 235-0070
                                                      (773) 235-6699 (fax)

                                                      *Attorneys for Plaintiff-Appellant Kevin Brooks*

# CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff-Appellant hereby certifies pursuant to Fed. R. App. P. 25(d) that on September 20, 2024, the Appellants' Reply Brief was filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. The undersigned counsel further certifies that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: September 20, 2024

/s/ Nora P. Snyder
Janine L. Hoft
Nora P. Snyder
Jan Susler

PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, Illinois 60642
(773) 235-0070
(773) 235-6699 (fax)

*Attorneys for Plaintiff-Appellant Kevin Brooks*